**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY STRIBLING,** | ) | |
| **ID # 413816** | ) | |
|       **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-3081-N-BH** |
| | ) | |
| **S. DERAMCY, et al.,** | ) | |
|       **Defendants.** | ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Before the Court is Plaintiff's *Application to Proceed In Forma Pauperis*, received November 1, 2011 (doc. 2). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** as barred by the "three-strikes" rule if the plaintiff does not prepay the full filing fee.

**I. BACKGROUND**

Plaintiff, an inmate in a Texas prison facility located in the Eastern District of Texas, filed a civil action there against several defendants on November 1, 2011. (doc. 1.) On November 8, 2011, the Court severed his claims against state court appellate judge Lana Myers and court clerk Lisa Matz and a court clerk and transferred them to this district, where they are located. (doc. 3). Plaintiff alleges they violated his constitutional rights by denying him access to court and falsifying legal documents. He moves for leave to proceed *in forma pauperis*. (doc. 2).

**II. THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that

inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. The Fifth Circuit has held that the plaintiff must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam).

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Stribling v. Whatley*, No. 3:92-CV-2104-N (N.D. Tex. Nov. 20, 1992); *Stribling v. State of Texas*, No. 3:94-CV-2276-G (N.D. Tex. Nov. 30, 2004); *Stribling v. Collins*, No. 6:94-CV-899-JH (E.D. Tex. May 12, 1995); *Stribling v. Bagby*, No. 3:95-CV-1269-G (N.D. Tex. July 31, 1995). He has also filed a prior action in the Eastern District of Texas that has been dismissed based on the three-strikes provision. *See Stribling v. Curry*, No. 5:97-CV-156-DF (E.D. Tex. Sept. 24, 1998). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Here, Plaintiff does not even allege that he is in imminent danger of serious physical injury, so he must prepay the $350.00 filing fee before he may proceed with this case.

### III. RECOMMENDATION

Plaintiff's *Application to Proceed In Forma Pauperis* should be **DENIED**, and this action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the Court. Plaintiff should also be **WARNED** that if he continues to file

civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court.

**SIGNED this 10th day of November, 2011.**

	_____
	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

	A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

	_____
	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE